# ALLEGHENY COUNTY.

## December Term, 1792.

### PENNSYLVANIA *v.* HENRY MISNER.

*MISNER* was indicted—1. For forging an affignment to *William Irwin*, of a bill given by *Mifner* himfelf and *James Read*, to *Eneas Randall*.

2. For uttering this affignment, knowing it to be forged.

The evidence was that *Mifner* having in his poffeffion a fingle bill on himfelf and *Read*, affigned it, in *Randall's* name, for goods, to *Irwin*, who knew neither of them, and fuppofed him to be *Randall*   *Irwin* fued *Read* before a juftice, and recovered, on this bill. It was alfo proved, that an order drawn by *James Read*, in favour of *Henry Mifner*, for nearly the fame fum, on *James O'Hara*, had been prefented and paid.

*Brackenridge*, for the defendant, contended that there was no forgery, for the following reafons.

1. The name of the payee, in the body of the bill, is *Enos Randole*, and the name fubfcribed to the affignment is *Enos Randell*.

2. There being no feal to the affignment, no property in the bill is affigned, and no perfon could be injured.

3. *Mifner* is a co-obligor in the bill, and only a furety. He paid it ; and had a right to affign it, fo as to recover

from *Read*, the real debtor : affigning a note on himfelf is equivalent to giving a new note, which he might do.

4. *Mifner* being in poffeffion of the note, he muft be fuppofed to have authority to difpofe of it.

PRESIDENT. 1. There is no evidence in what manner the perfon named *Enos Randole* in the body of the bill, who is the payee, really writes his name, for there is no evidence, that the bill was written by him. But if there were, the variance is fo inconfiderable, that if the defendant were to efcape under it, any man might accomplifh all the dangerous effects of forgery, without rifking the punifhment. The variance makes not another name, but the fame, for all purpofes of deception. *2 Salk. 660.*

2. It is equally criminal to forge a name, as to forge *Cowp. 220.* a feal, if there be an intention and poffibility to defraud. The name, without a feal, gives authority to demand, fue for, and receive, the money ; and, therefore, gives a full poffibility of defrauding.

3. *James Read* is alfo obligor, liable to pay the whole money, and, in fact, has been compelled to pay it, by a competent authority. *Mifner's* being an obligor gave him no right to ufe the name of *Randall* and make a note on him.

4. The defendant's having the bill in his poffeffion is prefumption of authority over it, and (if no obligation to pay remained on him, but did on *Read*) may reduce the tranfaction to an act of indifcretion, of a dangerous kind indeed to indulge, but not punifhable as a forgery. The cafe then is brought to this point :—Did the defendant affign this bill, with intent to defraud ? That depends on this : had *Read* paid it before ? Of this there is prefumption, arifing from the payment by *O'Hara*, on *Read's* order, of nearly the fame to *Mifner*. You muft determine the fact from the circumftances.

The jury acquitted him.