## COMMONWEALTH *vs.* JOHN KEPPER.

The following written request, "Mr. Campbell, please give John Kepper ten dollars. Frank Neff," is an order for the payment of money, within Gen. Sts. c. 162, § 1, relating to the crime of forgery, although the person to whom it is addressed is not indebted to the drawer or bound to comply with the request.

Upon a trial for forgery, the questions, "Did you sign that?" "Did you authorize any one to sign it?" asked by the prosecution, of the person whose name is alleged to have been forged, in reference to the paper, the genuineness of which is in issue, are questions unobjectionable as to form and as to substance.

A witness may narrate in English, without the intervention of an interpreter, admissions made to him *in pais* in a foreign language.

INDICTMENT containing two counts, the first for forgery, and the second for the uttering of "an order for the payment of money," of the tenor following: "Mr. Campbell, please give John Kepper ten dollars. Frank Neff."

The defendant demurred to the indictment, because the writing there set forth was not one of which forgery could be committed. The demurrer was overruled.

At the trial in the Superior Court, before *Bacon*, J., John Campbell testified that he had told the defendant he would pay any order that he brought from Neff; that he had no funds belonging to Neff; that he owed him nothing; that he was under no obligation to accept, or to pay any money upon, Neff's order, but that upon the defendant's presentation of the paper, he paid him ten dollars, supposing the paper to be genuine.

Frank Neff testified, that the order was not drawn by him, or by any person authorized by him.

The defendant objected that upon this testimony the paper was not "an order for the payment of money," and that the testimony did not prove the offence charged.

Neff, having in his hand the original order, was asked by the prosecuting officer the following questions, among others: "Did you sign that?" "Did you authorize any one to sign it for you?"

The defendant objected to both questions, but the court admitted them, and the witness answered both in the negative.

"Neff was sworn only as a general witness, and not as an interpreter, and in answer to the prosecuting officer said, that the defendant had made statements to him in the German language. He was then asked by the government to state in English what was said to him by the defendant in German. To this the defendant objected, on the ground that the witness was not sworn as an interpreter. But the witness having first testified that he was by birth a German, and familiar with the German language, was allowed by the court to state in English what was said to him by the defendant in German."

The jury returned a verdict of guilty, and the defendant excepted.

*G. W. Searle & T. H. Tyndale*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

WELLS, J. The written request to Campbell to " give John Kepper ten dollars," signed by Neff, was an order for money, within the meaning of the Gen. Sts. c. 162, § 1.

To sustain the charge of forgery, it was not essential that Campbell should have had in his hands any money due or belonging to Neff; or that he should have been under any legal obligation to accept and pay the order. *Commonwealth* v. *Fisher*, 17 Mass. 46. *The King* v. *Lockett*, 1 Leach, (4th ed.) 94.

The questions put to Neff in regard to his signature were unobjectionable both in form and substance.

The narration, in English, of the defendant's admissions, made out of court, in German, was covered by his oath as a witness. It is only when testimony, given in a foreign tongue, requires translation in court, that an interpreter is sworn specially for that purpose. *Judgment on the verdict.*