Opinion of the court.

No. 2905.

Jacob Hendricks v. The State.

1. Forgery—Indictment.—An order for merchandise may be the subject of forgery.

2. Same—Pleading.—As a general rule, a written instrument which, if genuine, would be valid for the purpose intended, can be made the basis of an indictment for forgery. On the other hand, if void or invalid upon its face, and incapable of being made good by the averment of extrinsic facts, an indictment for forgery can not be predicated upon it. See the opinion on the question.

3. Same.—An order to "let Bare have $5 in grosses and charge the same to" the purported drawer, is an order for articles of value, implies an obligation to the extent of five dollars, and, without the averment of extrinsic facts, will support an indictment for forgery.

Appeal from the District Court of Williamson. Tried below before the Hon. J. C. Townes.

The conviction was for forgery, and the penalty assessed was a term of two years in the penitentiary. The record contains no statement of facts. A motion for rehearing was made and overruled.

J. W. Parker, for the appellant, filed an able argument in support of the motion for rehearing.

W. L. Davidson, Assistant Attorney General, for the State.

White, Presiding Judge. As set forth in the indictment, the instrument alleged to have been forged is in these words, viz:

"Prescriptions a Specialty.
            "Taylor, Texas, ........................188..
"M.......................................
            "Bought of Dr. F. T. Cook,
"Drugs, Medicines, Toilet Articles, Books, Jewelry, etc.
            "All bills due first each month."

"Mr. Goldstone Please let Bare Have the sume of $5 Dollars in Grosses and charge the same to        DR F T Cook."

An order for merchandise may be the subject of forgery. (Peete v. The State, 2 Lea, Tenn., 513; U. S. v. Boon, 2 Cranch C. C., 294; U. S. v. Brown, 3 Cranch C. C., 268; The State v. Morgan, 35 La. Ann., 293; The State v. Ferguson, Id., 1042; Horton v. The State, 53 Ala., 488; Anderson v. The State, 65 Ala., 553; Burke v. The State, 66 Ga., 157; The State v. Keeter, 80 N. C., 472; The People v. Shaw, 5 John., 236; The Com. v. Fisher, 17 Mass., 46; Rollins v. The State, 21 Texas Ct. App., 548; Keeler v. The State, 15 Texas Ct. App., 111.) "It is not merely a request for the delivery of property, but is a writing obligatory promising to pay for property. * * * Such a promise is clearly implied in the clause 'and charge the same to me,' for it would be unreasonable to assert that where a person asks the value of property furnished on his order to be charged against him he intends that the charge shall be a mere idle and senseless form." (Garmire v. The State, 104 Ind., 444; same case, 5 Amer. Crim. Reports, Gibbons, 238.)

The second ground urged in defendant's motion in arrest of judgment is that "the said instrument of writing set out in the indictment is of doubtful and uncertain validity, and is not apparently good on its face, and there are no averments in the indictment showing said instrument to be effectual as a pecuniary obligation." As otherwise stated in appellant's proposition on his second assignment of error, the position assumed is "that the instrument set out in the indictment is of doubtful and uncertain meaning on its face, and there are no innuendo averments in the indictment shewing it to be valid and effectual as a pecuniary obligation; and therefore it does not appear from the indictment that an offense against the law was committed." "There are no innuendo averments whatever in the indictment explanatory of the said instrument." The sole question for our decision on this appeal is whether the indictment is valid and sufficient without innuendo or explanatory averments as to the words "bare" and "grosses" used in the alleged forged order.

"It is an established rule that a written instrument, to be the subject of indictment for forgery, must be such as would be valid, if genuine, for the purpose intended. If void or invalid upon its face, and it can not be made good by averment, the crime of forgery can not be predicated upon it. In other words, if the instrument is absolutely void upon its face, it can

not be made the subject of forgery; but if the legality be doubt-ful, and by proper allegations its legality is capable of being shown to the court, it is a subject of forgery." (Rollins v. The State, 22 Texas Ct. App., 548; Anderson v. The State, 20 Texas Ct. App., 595; The State v. Briggs, 34 Vt., 503.)

It seems to be an equally well settled rule that "a writing so imperfect and obscure that it is unintelligible without reference to extrinsic facts, will not support an indictment for forgery unless these facts are averred, and by the averment it is made apparent that it has the capacity of effecting fraud. (Hobbs v. The State, 75 Ala., 1.)

In Rembert v. The State, 53 Ala., 467, which is the most able discussion of the question we have seen, the court say: "The fact that the paper is incomplete or imperfect in itself, and that without the knowledge of extrinsic facts it does not appear that it has the vicious capacity, only renders it necessary that the indictment should aver the extrinsic facts. In all indict-ments for forgery, at common law, it was necessary to set out the instrument, so that it would judicially appear to the court that it was the subject of forgery. When the instrument is com-plete, perfect and not void on its face; and when it is spoken of as void, illegal in its very frame, or innocuous from its charac-ter, as in the case of the will not properly attested, or the void bill of exchange, or the certificate worthless as evidence, or the deed void because of the incapacity of the grantor, its criminal character was disclosed to the courts. When the instrument is imperfect, incomplete, and its real meaning and terms are not intelligible from its words and figures, but are to be derived from extrinsic facts, then, when such facts are averred, and the instrument, its meaning and purport, made intelligible to the court, it appears judicially with as much certainty as if the extrinsic facts were on the face of the instrument, and that set out *in hæc verba*, whether it has the vicious capacity and is the subject of forgery." (Same case, 2 Amer. Crim. Rep. (Hawley) 141.) Again, it is said in the same case: "Courts are very re-luctant to pronounce written instruments void for mere uncer-tainty."

In a recent case in Indiana it was held that "where an indict-ment for perjury the instrument on which the forgery is predi-cated is set out without the averment of extrinsic facts explain-ing it, and it is so uncertain in its terms that it is impossible to tell whether it would or would not, if genuine, operate as the

foundation of another's liability or rights, or have any legal effect whatever, the indictment is bad on motion to quash for not stating the offense with sufficient certainty." (Shannon v. The State, 10 N. E. Rep., 87.)

Mr. Bishop says: "If a writing is so incomplete in form as to leave an apparent uncertainty in law whether it is valid or not, a simple charge of forging it fraudulently, etc., does not show an offense; but the indictment must set out such extrinsic facts as will enable the court to see that, if it were genuine, it would be valid. When such extrinsic circumstances are set out, and also proved at the trial, the defendant may be convicted; while without them he must be discharged." (2 Bish. Crim. L., 7 ed., sec. 545.)

Mr. Wharton says: "Where an instrument is incomplete on its face, so that as it stands it can not be the basis of any legal liability, then, to make it the technical subject of forgery, the indictment must aver such facts as will invest the instrument with legal force.  *  *  *  *  But if the meaning of the transaction can be sufficiently extracted from the instrument itself, it will not be necessary to state matters of evidence, so as to make out more fully the charge." (1 Whart. Crim. Law, 8 ed., sec. 740.)

Applying these principles of law to the validity of the instrument set out in the indictment and copied above, both with reference to its being a subject of forgery and being sufficiently avered in the allegations of the indictment, without any explanations of its terms in the light of extrinsic facts, it seems clear to our minds that the indictment is sufficient, and is not liable to the objections urged; and that the motion in arrest of judgment was properly overruled. On its face the instrument was an order for merchandise or goods, or property of some kind, and no explanation or averment of extrinsic facts was necessary to show that such was its character. Such an instrument, we have already seen, may be the subject of forgery. It is evidently an order for five dollars worth of something. What that something was we may not know, but we do know that it was property having value, and though not known to us might doubtless have been as well known to defendant, to Doctor Cook, to Goldstone, the drawee, and to thousands of others, as is the word "groceries" known to the commercial world. If Goldstone, the drawee, had filled and taken up this order, and it had been the genuine act of Cook, there can be no question but that

Cook would have been liable to him for the five dollars. The instrument as set out is neither incomplete, unmeaning nor unintelligible, and needed no explanation to make it the subject of forgery.

No reason has been made to appear why the judgment of con-
.viction in this case should be set aside, and it is therefore af-
firmed.

*Affirmed.*

Opinion delivered October 17, 1888.

