## WHEELING.

### State v. Fleshman.

Submitted June 11, 1895—Decided June 21, 1895.

1. Forgery—Indictment—Variance.

   While in an indictment for forgery it is unnecessary to set forth a copy or fac simile of the instrument forged, yet if this is done, and there is a material variance between the copy so set out and the paper offered in evidence, such paper, on motion of the accused, should be excluded from the consideration of the jury.

2. Forgery—Indictment—Variance.

   When the alleged forged note is set out in *haec verba*, and in the body thereof are the words "with 6 per cent. int. from date," and the note offered in evidence contains no such words, this is a variance, both in substance and legal effect, fatal to the introduction of such last mentioned note as evidence in support of the allegations of the indictment.

Rowan & Boggess for plaintiff in error, cited 11 W. Va. 727; 17 Gratt. 629; 7 W. Va. 447; 27 W. Va. 511; Id. 22; 36 W. Va. 778; 19 W. Va. 328; 12 Bush. 342; 13 Bush. 267; 8 Am. & Eng. Enc. Law 500, 502; 33 W. Va. 455; 4 Am. & Eng. Enc. Law 738; 20 W. Va. 755; 1 Am. & Eng. Enc. Law 949; 16 Am. & Eng. Enc. Law 526, 528; Thomp. Trials, § 963; 65 Wis. 323; 26 W. Va. 143: 29 Gratt. 255; 31 Gratt. 855; 20 W. Va. 41, 755; 8 Am. & Eng. Enc. Law 513; 10 Neb. 590; 54 Ind. 168; 65 Ind. 86; 27 Gratt. 934; 39 W. Va. 659.

Attorney-General T. S. Riley for the state, cited 36 W. Va. 147, 729; 23 W. Va. 805; 37 W. Va. 812; 114 Mass. 312; 31 W. Va. 491, 501; 40 W. Va. 1.

Holt, Judge:

R. R. Fleshman was convicted of forgery at the March term, 1895, of the Circuit Court of Monroe county, and sentenced to two years' confinement in the penitentiary. On writ of error, he now relies upon six separate alleged errors committed by the trial court.

*First.* The demurrer to the indictment, for the reason that it was too general, and did not specify the particular part of the note forged. This was not necessary. 8 Am. & Eng. Enc. Law 500, 502. A forged note, being false in one material part or signature, is false *in toto,* and must be so regarded as to the person against whom the fraud is aimed.

*Second* and *third.* The forgery in this case consisted in representing the signature of one John Fleshman to be the signature of another person of the same name, with fraudulent intent. 8 Am. & Eng. Enc. Law 464, 467; *State* v. *Dennett,* 19 La. Ann. 395; *Pennsylvania* v. *Misner,* Add. 44; *Com.* v. *Foster,* 114 Mass. 312. Such being the case the venue of the crime was properly proven, and the evidence of Charles A. Brown as to the conduct and representation of the accused properly admitted.

*Fourth.* In both counts of the indictment the note alleged to have been forged is set out in *haec verba,* as follows, to wit: "$250.00. Six months after date, we promise to pay Charles A. Brown two hundred and fifty dollars, for value received, with 6 per cent. int. from date. This Decr. 17th, 1892. R. R. Fleshman. (Seal.) Allen Fleshman. (Seal.) John Fleshman. (Seal.)" It was unnecessary under section 6, chapter 158 of the Code, to do so, but only to describe the note as in an indictment for larceny; but, being set out, it must be proved as alleged. A material variance between the *allegata* and *probata* on the trial of an indictment for larceny is fatal. 12 Am. & Eng. Enc. Law 865. And it must be equally so in trials for forgery. The note offered in evidence corresponds in all respects with the note set out in the indictment, except the latter contains the additional words "with 6 *per cent.* int. from date." These words materially change the substance and the legal effect of the notes, and it is a matter of impossibility to reconcile this difference, and pronounce them to be identically the same note. The accused having objected to the admission of the evidence, it should have been excluded. 8 Am. & Eng. Enc. Law 517; *State* v. *Fay,* 65 Mo. 490.

This being plain and prejudicial error, it becomes unnec-

essary to decide the other two assignments, to wit, the refusal to grant a continuance, and the misbehavior of the counsel in the argument of the case, as the errors committed, if such, can be avoided on retrial. Suffice it to say, that a reasonable opportunity should be afforded the accused to obtain his witnesses, and prepare for trial, and counsel in argument should be required to confine themselves to the facts in evidence before the jury.

For the error aforesaid, the judgment is reversed, the verdict set aside, and a new trial awarded, and the case is remanded for further proceedings in accordance with law.