JEAN WEST, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—FORGERY AND UTTERING—INDICTMENT MUST ALLEGE TENOR OF INSTRUMENT FORGED. GRATUITOUS ORDER NOT OBLIGATORY ON ANYONE NO SUBJECT OF FORGERY.

1.  Where the requirement is not abrogated by express statute it
     is necessary for every indictment charging forgery, or the
     utterance of a forged instrument, to set out the forged in-
     strument *ipsissimis verbis*, or, as it is termed in the books,
     by its tenor, unless the instrument be lost or destroyed,
     or is in the possession of the defendant, so that the prose-
     cution can not obtain access thereto, in which event such
     fact must be stated in the indictment as an·excuse for not
     setting it out by its tenor.
2.·  A mere gratuitous request or order from B. to F. to let W.
     have ˄such goods of a specified kind as W. might desire
     without any obligation upon F. to comply, with such order
     and without obligating B. to pay for the goods that F.
     might let W. have  on such  order,  is not the subject of
     forgery.

This case was decided by Division A.

Writ of error to the Circuit Court for Washington
County.

The facts in the case are stated in the opinion of the
Court.·

*W. O. Butler* (with whom was *Buell Cook* on brief),
for Plaintiff in Error.

*William B. Lamar,* Attorney-General for the State.

TAYLOR, C. J.

The plaintiff in error was indicted, tried and convicted
of the crime of forgery in the Circuit Court of Washing-
ton County and brings his case here for review by writ of
error.

The indictment upon which he was tried is as follows,
omitting the caption thereof:  "The grand jurors of the

State of Florida inquiring in and for the body of the county of Washington upon their oaths do present that one Jean West, late of the county of Washington afore-said, in the Circuit and State aforesaid, on the 18th day of March in the year of our Lord one thousand nine hundred and one, at and in the county of Washington afore-said, then and there being and then and there having in his possession a certain forged order addressed to Dr. F. C. Wilson, and authorizing the said Dr. F. C. Wilson to let the said Jean West have what medicine and attention he desired, said false and forged order then and there purporting to have been signed by Jim Brock, and the name of the said Jim Brock being then and there affixed and signed to said order, the said Jean West did then and there knowingly, fraudulently and deceitfully utter and publish as true to the said Dr. F. C. Wilson the said order by then and there presenting the same to the said Dr. F. C. Wilson in Chipley, Fliorida, and receiving certain medicines of the value of $5.00 thereon, with intent then and there to injure and defraud the said Dr. F. C. Wilson. The said Jean West then and there well knowing that Jim Brock had not signed said order or author-ized his name being signed thereto; and the said Jean West then and there well knowing said order to be false and forged, against the form of the statute," &c.

After verdict the defendant moved in arrest of judg-ment on the following grounds: 1st. That said indict-ment is vague, indefinite and uncertain and insufficient to warrant a conviction.

2nd. That said indictment does not allege facts suffi-cient to charge defendant with the crime of which he was convicted.

3rd. That said indictment fails to set out the alleged forged order alleged to have been uttered and published according to its tenor.

4th. That said indictment simply sets out the purport or substance of the alleged forged order to have been uttered and published, and gives no reason or excuse why the same is not set out more specifically or *in haec verba.*

5th. That said indictment is vague, indefinite and uncertain, and charges no offence known to law.

This motion was denied and such ruling is assigned as error. This ruling was erroneous. It is well settled that unless such requirement is abrogated by express statute it is necessary for every indictment charging forgery or the utterance of a forged instrument to set out the material parts of the forged instrument *ipsissimis verbis* of the instrument itself, or, as it is termed in the books, by its tenor, unless the instrument be lost or destroyed, or in the possession of the defendant, so that the prosecution can not have access thereto, in which event such fact must be stated in the indictment as an excuse for not setting the instrument out by its tenor. The reason for this rule is that the court may be able to judge by inspection of the instrument whether from its terms it is the subject of forgery. 9 Ency. Pl. & Pr., 571, and cases cited; 2 Bish. New Cr. Proc. Sections 403-404-412 and citations.

The indictment in this case fails to comply with this rule and is, therefore, defective for that reason. But besides this, and even if it was sufficient in such a case to give only the *import* of the forged instrument in an indictment charging its utterance, the indictment in this case in undertaking to give the import of the instrument

alleged to have been forged fails to show that such instrument was the subject of forgerly. It charges that the defendant "then and there having in his possession a certain forged order addressed to Dr. F. C. Wilson, and authorizing the said Dr. F. C. Wilson to let the said Jean West have what medicine and attention he desired, said false and forged order then and there purporting to have been signed by Jim Brock, and the name of the said Jim Brock being then and there affixed and signed to said order," but it fails to show that the medicines for which the order called were the property of Jim Brock and subject to delivery on his order, and if not his property, it fails to allege that the forged order for them·purported to obligate the said Jim Brock for their payment. In other words, the indictment fails to show otherwise than that the alleged forged order might have been a mere gratuitous request by Jim Brock to F. C. Wilson, without consideration or obligation upon Brock, to let West on his own responsibility have what medicines he desired. Indeed, from the allegations of the indictment, the forged instrument therein alleged to have been uttered was, in the absence of further allegation than is contain in this indictment, nothing more than a bare gratuitous request by Brock to Wilson to let West have what medicine he desired, without any binding or obligatory force upon either Brock or Wilson, and consequently was not the subject of forgery. King v. State, 43 Fla. 211, 31 South. Rep. 254; Crawford v. State, 40 Tex. Cr. App. 344, 50 S. W. Rep. 378; Hendricks v. State, 26 Tex. App. 176, 9 S. W. Rep. 555, 557; 2 Bish. New Crim. Law, Sec. 546; 2 East P. C. p. 936.

For the error found the judgment of the court below is reversed with directions to discharge the defendant from custody, at the cost of the defendant in error.