JIM JOHNSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. A written instrument in the following language:
   "Mr. Alex Sapp
       Please let Jim have $1.00 in trade and oblige,
                                        C. H. Rogers.
   $1.00.    P. S. Will pay Thursday," is "an order for money or other property" within the meaning of the forgery statute, sections 2479, 2480, Rev. Stats. of 1892.

2. Instructions given by the trial court, not excepted to otherwise than by being embraced in the motion for a new trial, can not be reviewed by the appellate court where there is no bill of

exceptions exhibiting such motion even though the clerk may have inserted it in the transcript.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*T. B. Oliver* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

CARTER, J.—At the fall term, 1903, of the Circuit Court for Columbia county, plaintiff in error was indicted, tried and convicted of the crime of uttering and publishing as true a false, forged and counterfeit order, and from the sentence imposed sued out this writ of error.

The sufficiency of the indictment was questioned by motions to quash and in arrest of judgment, and the rulings denying these motions are assigned as error. The indictment set out in *haec verba* the alleged forged instrument as follows:

"Mr. Alex. Sapp

          Please let Jim have $1.00 in trade and oblige,
$1.00.                               C. H. Rogers.

     P. S. Will pay Thursday."

It is contended that the instrument "on its face is a trivial and gratuitous request, possibly a bungling attempt to gain temporary credit or something by a false pretense, but not such a paper as to deceive any one, or to be negotiated or put in circulation, and certainly not to be dignified as a forgery, or as falling within the contemplation of our statutes concerning same," and the case of *West v. State,* 45 Fla. 118, 33 South. Rep. 855, is cited as sustaining the contention. In that case the order was not set out at length in the indictment, but was described as an order

purporting to have been signed by Jim Brock, addressed
to Dr. F. C. Wilson *authorizing* him to let the defendant
have what medicine and attention he desired.   The gist of
the decision in that case is found in the following language
which we quote from the opinion: "In other words the in-
dictment fails to show otherwise than that the alleged
forged order might have been a mere gratuitous request
by Jim Brock to F. C. Wilson, without consideration or
obligation upon Brock, to let West on his own responsi-
bility have what medicines he desired."   In the present case
the order is set out *totidem verbis* and appears on its face
to be a request from Rogers to Sapp to let Jim have $1.00
in trade, with an obligation in the postscript to "pay Thurs-
day."   This *prima facie* imports an obligation upon the
part of Rogers to pay Sapp for what he "lets Jim have in
trade," not to exceed $1.00, and the instrument is, there-
fore, the subject of forgery under the criterion that "it is
a writing which if genuine might aparently be of legal
efficacy or the foundation of a legal liability."   *Smith v.
State,* 29 Fla. 408, text 424, 10 South. Rep. 894; *King v.
State,* 43 Fla. 211, 31 South. Rep. 254.   See, also, *Hendricks
v. State,* 26 Tex. App. 176, 9 S. W. Rep. 555, 557, S. C.
8 Am. St. Rep. 463.   While there is a conflict of authority
as to whether an instrument like the one here set out is
embraced within the meaning of the language "an order for
payment of money or delivery of goods" in the English
forgery statute of 7 Geo. 2, chap. 22, and others copied from
it, we are of opinion that the instrument is, within the mean-
ing of our statute (secs. 2479, 2480, Rev. Stats. 1892),
which is almost identical with that in Massachusetts, "an
order for money or other property."   *Commonwealth v.
Fisher,* 17 Mass. 46; *Commonwealth v. Kepper,* 114 Mass.
278.   See, also, *Regina v. Tuke,* 17 U. C. Q. B. 296.

The other assignments of error insisted upon question
the propriety of certain portions of the charge given by the
court.   No exceptions to the charge were taken at the trial
though it is contended that certain portions thereof were

embraced in the motion for a new trial, and should, therefore, under the statute be treated as excepted to. The motion for a new trial is not exhibited here by a bill of exceptions and we can not, therefore, consider it for this purpose, though the clerk may have copied it in the transcript. *Coleman v. State,* 43 Fla. 543, 30 South. Rep. 684; *McDonald v. State,* 46 Fla. 149, 35 South. Rep. 72; *Parnell v. State,* decided at the present term.

The judgment of the Circuit Court of Columbia county will be affirmed.

HOCKER, SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, C. J., absent on account of sickness.

WHITFIELD, J., disqualified, took no part in the consideration of this case.