JOHN RUSSELL, ALIAS "HUMPIE," PLAINTIFF IN ERROR, V. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. There are two kinds of orders for the payment of money or the delivery of goods which may be the subjects of forgery, *viz:* those which are such on their face, and those which may be shown to be such by *averment and proof.* If on the face of the writing there is all that belongs to an order, the law regards it as such, though in fact the drawer had no funds, and the drawee was under no obligation to respond. The question whether or not particular words bring a case within this branch of the definition may be nice and delicate. The tests are that looking simply at the writing there must appear on its face to be a drawer having a disposing power over the fund or goods, a person under obligation to obey, and one to whom delivery or payment is to be made sufficiently described to exclude uncertainties of meaning. If the latter is not mentioned by name in the writing, or is imperfectly described, these uncertainties may be made certain, by averment and proof.

2. Where a party is charged with forging or uttering an alleged forged writing which is in these words, *viz:* "Mr. Crutch, let Humpie have three dollars for me," the indictment should by proper averments explain who was meant by "Mr. Crutch," as well as who was meant by "Humpie," and these explanations should be followed up by proof at the trial.

This case was decided by Division B.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the Court.

*Edwin R. Blow,* for Plaintiff in Error.

No appearance for the State.

HOCKER, J. On the 15th of November, 1905, the plaintiff in error, hereinafter called the defendant, was indicted in the Circuit Court of Jackson county, and on the 22nd of November, 1905, was convicted on the second count of the indictment, and sentenced to the State Reform School during his minority, and in the alternative to the State prison under Section 1, Chapter 5388, Laws of 1905. From this sentence and judgment a writ of error was sued out from this court. The second count of the indictment is as follows, *viz*: "And the grand jurors aforesaid upon their oaths aforesaid, do further present that one John Russell, alias Humpie, at and in the county of Jackson, State of Florida, on the 17th day of June, A. D. 1905, at and in the said county of Jackson, and State of Florida, then and there being, did then and there have in his possession, custody and control a certain false, forged and counterfeited writing for the payment of money, which was in substance as follows: 'Mr. Crutch, let Humpie have three dollars for me, Jim Gaddy,' the said writing for the payment of money being lost, and a better description of the same being to the grand jurors unknown; that said John Russell, alias Humpie, then and there well knew said writing for the payment of money was forged, and then and there knowing same was forged and counterfeited, did then and there in said State and county, utter and publish same as true by presenting same for payment to one J. L. Crutchfield, with intent to injure and defraud the said Jim Gaddy and the said J. L. Crutchfield, against the

10 S. C.

form of the statute in such case made and provided," and containing the ordinary conclusion.

A motion to quash the indictment was made, containing, among others, the following grounds: "1. Said indictment is vague, indefinite and insufficient, and charged no offence against the laws of the State of Florida.

4. Because said indictment does not allege extrinsic facts sufficient to impose upon J. L. Crutchfield, the party to whom said paper writing is alleged to have been presented for payment, authority to pay an instrument, directed for payment to Mr. Crutch." This motion was denied and the defendant excepted to the ruling. This ruling is assigned as error here.

We have examined a large number of authorities treating of the proper method to be pursued by a pleader in framing an indictment for the forgery of a writing for the payment of money.

In the case of Smith v. State, 29 Fla. 408, text 425, 10 South. Rep. 894, this court has said: "The authorities hold that where a party is charged with forging a check, promissory note or order for the payment of money, it is sufficient to allege in the indictment that he falsely made, forged and counterfeited the writing with intent to defraud some person, setting out the instrument *in haec verba*, with the names of the makers, endorsers and payees on it. By pursuing this course it is made to appear to the court that the forging was of an instrument in writing, being or purporting to be the act of another, by which rights or property are liable to be affected, and the court can see and judge for itself what is the nature and extent of the obligation contained in the paper."

In Section 327, Bishop on Statutory Crimes (3rd ed.) it is said that there are two kinds of orders for the pay-

ment of money or the delivery of goods—"those which are such on their face, and those which may be shown to be orders by *averment and proof.*"  In Section 328, it is said: "If on the face of the writing there is all that belongs to an order, the law regards it as such, though in fact the drawer had no funds, and the drawee was under no obligation to respond.  The question whether or not particular words bring a case within this branch of the definition may be nice and delicate.  The tests are that looking simply at the writing, there must appear on its face to be a drawer having a disposing power over the fund or goods, a person under obligation to obey, and one to whom delivery or payment is to be made, sufficiently described to exclude uncertainties of meaning,  though there is doubt whether he must be mentioned by name."  In Section 335 it is said: "Within limits not well defined a writing which is not on its face an order, warrant or request may be shown by oral evidence to be such.  For example the omission of the name of the person to whom it is addressed  *  *  *  a warrant or order  may be thus supplied, and evidence is admissible of a course of dealing between the parties whereby a writing acquires a character of which otherwise it would come short  *  *  *  The extrinsic matter must appear by averment in the indictment, as well as by proof at the trial.  See, also, 2 Bishop's New Cr. Law, Sections 537 to 545, inclusive, and Bishop's Directions and Forms (2nd ed.) Section 455 *et seq.*

We have no statute in this State simplifying the form of an indictment for forgery as they now have in England and some American States.  Id. Sections 455 and 461.

In the case of Crawford v. State, 40 Tex. Cr. Rep. 344, 50 S. W. Rep. 378, the indictment charged the forgery of an instrument of the following tenor: "March the 31st, '98. Mr. W. P. Williams and Brother—Sir: You will please let Jasper Craford hav too par of shoes, one pond of to Baker. (Signed) E. P. Fraser." It was held among other things that the indictment should have alleged who Williams and Brother were, and that extrinsic explanatory averments should have been used in this indictment in connection with this instrument.

In the case of Polk v. State, Id. 668, the alleged forged instrument was of the following tenor: "May 8, 1897. Mr. Lynch please let Dave Polk have 1 pr shoes and charge the same to me and oblige. I. L. Mathews." On a motion in arrest it was held, among other things, that the indictment should have stated by proper averments, who Mr. Lynch was.

Applying these principles to the case at bar, it seems to us that the indictment should have alleged who "Mr. Crutch" was. If J. L. Crutchfield was the person upon whom the order was meant to be drawn, that fact should have been averred. The order is not by its terms negotiable, and Jim Gaddy, the drawer, could not have been defrauded except by its presentment to the proper drawee. Nor does it appear how J. L. Crtuchfield could have been defrauded, for his name is not *idem sonans* with "Mr. Crutch." These matters should have been explained by proper averments, so that the court could see from an examination of the indictment that the alleged forged instrument was likely to defraud. 19 Cyc. 1405. For these reasons we are of the opinion that the trial court erred in not sustaining the motion to quash the in-

dictment.  The judgment of the Circuit Court is reversed at the cost of the county of Jackson.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.