CHARLIE BARKER, *Plaintiff in Error,* v. THE STATE OF FLOR-IDA, *Defendant in Error.*

Opinion Filed November 22, 1919.

1. It is proper that an indictment for forgery should set out the material parts of the alleged forged instrument that the court may be able to judge by inspection of the indictment whether from its terms the instrument is the subject of forgery.

2. Much care should be taken in preparing an indictment for forgery which sets out the alleged forged instrument in words and figures, that the description of the instrument conforms in all essential particulars to the intsrument itself, which on the trial is offered to support the charge.

3. The date and place where the instrument purports to have been drawn while part of the instrument may not be an essential and material part of the description so that the defendant would be prejudiced by a difference appearing between the description in the indictment and the instrument itself, but such difference and the further difference

between the description of the instrument and the document itself in amount for which the instrument was drawn constitutes a fatal variance where the objection is properly made at the trial to the introduction in evidence of the alleged forged document.

4. Where the pleader in preparing an indictment for forgery particularizes the instrument alleged to have been forged by setting out unnecessary marginal figures, characters, numbers, devices, etc., he will be held to strict proof according to the allegations.

5. Where in a prosecution for forgery the defense is that the person whose name apepars on the instrument as maker authorized the defendant to write it, and there is evidence in support of such defense, an instruction to the effect that the defendant should be acquitted if a reasonable doubt is entertained by the jury as to whether the defendant was so authorized to write the document is proper and should be given on request.

A Writ of Error to the Circuit Court for Walton County; A. G. Campbell, Judge.

Judgment reversed.

*S. K. Gillis,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

Ellis, J.—The plaintiff in error was convicted in the Circuit Court for Walton County for uttering a forged order or draft, and seeks here a reversal of the judgment on writ of error.

The indictment contained two counts. The first for the forgery of a written order on W. S. Green for three dol-

lars. The alleged forged instrument was set out in the indictment as follows: "Knox Hill, Fla., May 5, 1916. Mr. W. S. Green, please let Charley Barker $3.00 and charge to me. Yours truly, Bill rushing." The second count charged the uttering of a forged instrument which was set out in the indictment as follows: "Know Hill, May 5, 1916. Mr. W. S. Green, please let Charley Barker have $3.00 and charge to me. Yours truly, Bill rushing."

At the trial the court eliminated the first count. He instructed the jury that they should not consider the defendant's guilt or innocence under the first count.

There is no explanation in the record further than that made by the court why the jury was instructed to ignore the first count. When the alleged forged order was offered in evidence by the State Attorney the defendant objected to its introduction, as the court later said in the charge to the jury, because the alleged order did not "compare with the instrument set out in the first count of the indictment. But that is not a sufficient explanation of why the jury should be instructed not to consider the defendant's guilt or innocence under that count. The defendant was entitled to an acquittal on that count if the proof did not sustain the charge.

The order which was offered in evidence in support of both the first and second counts is before us by special order of the judge. It is as follows as nearly as we can decipher the same: "Knox hill Fla. May-5-1916 date 18. Mr. W. S. Green please let Charley Barker have $300 and charge to me Yours truly Bill rushing."

The court held that this order did not support the first count, although the variation between the order as set out in the indictment and the original consisted in the following: The purported copy as set out in the indictment

omitted the word and figures "date 18" appearing on the date line, omitted the verb "have" in the body of the order, and inserted a decimal after the figure "3" and before the two noughts, so that the copy read $3.00 instead of $300 as it appeared in the original.

The variation between the copy as set out in the second count and the original consists of the following: The letter "w" is substituted for the letter "x" in the name of the place as it appears in the date line so that the copy reads "Know hill" instead of "Knox hill." The letters "Fla" are omitted from the date line, so are the words and figures "date 18" and a decimal is inserted after the figure "3" in the body of the instrument so that the copy reads "let Charley Barker have $3.00 and charge to me" instead of "let Charley Barker have $300 and charge to me" as appears from the original.

Counsel for the defendant objected to the introduction in evidence of the written order upon the ground that the paper writing offered in evidence "is not the paper as copied in the indictment." This objection was overruled, and the defendant excepted. This ruling constitutes the first assignment of error.

It was proper that the indictment in this case should set out the material parts of the alleged forged instrument to the end that the court might be able to judge by inspection of the instrument whether from its terms it was the subject of forgery. See West v. State, 45 Fla. 118, 33 South. Rep. 854.

We think that the order as set out in the indictment was an order within the meaning of our statute "for money or other property" and if genuine might be the foundation of a legal liability upon Bill Rushing to pay W. S. Green for whatever amount he might let Charley

Barker have, not to exceed $300. See Johnson v. State, 47 Fla. 35, 36 South. Rep. 166; Russell v. State, 51 Fla. 124, 40 South. Rep. 625.

No attack was made upon the indictment because it failed to allege in the first count that the defendant made and forged the instrument with intent to defraud any one. The second count does allege that the uttering of the forged writing was with intent to defraud W. S. Green. In the second count the instrument was set out *in haec verba,* and we think that the letters "Fla" in the date line of the oriignal order was a part of the instrument and constituted an essential description of it, liekwise were the character and figures "$300" appearing in the body of the instrument.

The rule anounced by this court in Smith v. State, 29 Fla. 408, 10 South. Rep. 894, is that great particularity is required of the pleader when he undertakes to have the indictment set out the alleged forged order in words and figures. While it may be contended with some degree of reasonableness that the defendant could not have been prejudiced by a variance between the allegation and proof as to the place where the alleged forged instrument was made, it cannot be denied that the amount for which it was drawn was a material and essential part of its description. The word and figures "date 18" seem to be no part of the instrument, but are merely marginal marks or figures and do not enter into it as an essential description of it, nor constitute any part of its obligation. But considered in its entirety the instrument offered in evidence is materially and essentially different from the copy set out in the indictment. See State v. Carlson, 145 Iowa 154, 123 N. W. Rep. 765; Shirley v. State, 1 Ore. 269; Haupt v.

State, 108 Ga. 53, 34 S. E. Rep. 313; State v. Fleshman, 40 West Va. 726, 22 S. E. Rep. 309.

It is argued by the Attorney General that the variance as to the amount is immaterial because whether the amount advanced or sought to be obtained under the instrument was one cent or one hundred dollars the uttering of the forged instrument would have been complete. But the question presented here involves a rule of evidence which requires proof as laid in the indictment.   If the original order had been received in evidence without objection the question of whether there was a variance between the proof and allegation might not be sustained if it should be considered that neither the date, place where made nor amount for which the order was given were material parts of it, but the defendant raised the question of the admissibility of the paper in evidence because as he claimed, it did not correspond with the instrument described in the indictment. This court has several times referred to and followed the well recognized rule of evidence which requires correspondence between the allegation and proof. The old common law rule which required instruments in cases of forgery to be literally set out in the indictment may be so modified as not to require minuteness of description, it need not be particularized by setting out unnecessary marginal figures, characters, numbers, devices, dates, etc., but if the pleader chooses to do so, making them descriptive of the instrument, he will be held to strict proof according to the allegations.   See Haupt v. State, *supra;* 13 Ency. of Ev. 711; Bennett v. State, 62 Ark. 516, 36 S. W. Rep. 947. The court erred in overruling the objection.

The defense interposed was that Bill Rushing authorized the defendant to write the order and present it to

Green. There was evidence in support of this defense. The court was requested to instruct the jury as follows: "If you have a reasonable doubt that Mr. Rushing authorized the defendant to write the order you should give the defendant the benefit of this doubt and find him not guilty." This request was refused. There was error in that refusal. The requested instruction announced a correct proposition of law and it was not covered in the other charges given by the court.

For the errors discussed and pointed out the judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.