Robert S. Rogers, *Plaintiff in Error*, v. The State of Florida, *Defendant in Error*.

En Banc.

Opinion filed February 28, 1929.

*H. M. Hampton,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case the indictment was in two counts. The first count of the indictment charged that the plaintiff in error "did falsely make, forge and counterfeit the endorsement of the signature of B. O. Webb on the back of certain written order for money of the tenor following, to-wit:

Voucher No. 11150          Third District          Draft No.
                    The Federal Land Bank    20875
                              of Columbia       14521
                    Columbia, S. C., Oct. 31, 1921 B

Pay to the order of R. S. Rogers, Sec.-Treas. & B. O. Webb, Bwr., $2816.64.
Twenty-eight hundred sixteen dollars sixty-four cents in full payment of account as stated in statement bearing same voucher number and originally attached hereto.

F. F. ROOT,
Treasurer.

To

The National City Bank of Tampa,

63-33                                      Tampa, Fla.

Endorsed on the back thereof

B. O. Webb, Borrower.    R. S. Rogers, Sec.-Treas.

With the intent then and there to injure and defraud B. O. Webb; the Federal Land Bank, a corporation, and divers other persons to the grand jurors unknown."

The second count of the indictment charges that the plaintiff in error "did utter and publish as true to the Monroe & Chambliss National Bank, a corporation, a certain false and forged endorsement on a written order for money of the tenor following, to-wit:

Voucher No. 11150         Third District      Draft No.
                       The Federal Land Bank   20875
                             of Columbia       14521

Columbia, S. C., Oct. 31, 1921 B

Pay to the order of R. S. Rogers, Sec.-Treas. & B. O. Webb, Bwr., $2816.64.

Twenty-eight hundred sixteen dollars sixty-four cents in full payment of account as stated in statement bearing same voucher number and originally attached hereto.

F. F. ROOT,

To                                          Treasurer.

The National City Bank of Tampa,

63-33                                      Tampa, Fla.

Endorsed on back:

B. O. Webb, Borrower.    R. S. Rogers, Sec.-Treas.

He, the said Robert S. Rogers, then and there well knowing that the endorsement on said order for money was false, forged and counterfeit, with the intent then and there to injure and defraud B. O. Webb, Monroe & Chambliss Na-

tional Bank, a corporation, and divers other persons to the grand jurors unknown.''

The accused was convicted on both counts of the indictment and sued out writ of error to a judgment on such conviction. On the trial a check in all respects conforming to the description set forth in the indictment, except as to the signature of the maker of the check, was offered in evidence and was objected to upon the ground that the indictment described the check, the endorsement of which was alleged to have been a forgery, as the check of F. F. Root, whereas the check offered in evidence appeared to have been made and signed by H. H. Root, and that this constituted a variance between the description of the check as made in the indictment and the proof offered to sustain the charge. The court overruled the objection and this ruling was assigned as error.

During the progress of the trial the following proceedings are shown by the bill of exceptions to have occurred:

Thereupon, counsel for the defendant requested the court to postpone the trial of this case, which was during the afternoon, until the following morning, so as to give time to Mr. Frederick Van Roy to come from Crystal River as a witness. The reason for his being there not being known until after certain testimony had been introduced in the case.

Thereupon, counsel stated to the court that Mr. Frederick Van Roy, if here, would testify that during the year 1920, he with Claude B. Root and Harry H. Root, formed a corporation known as the Crystal River Crate Company, and they operated the same as officers thereof. That H. H. Root, also known as Harry H. Root, was one of the officers of that company, and that he, H. H. Root, was the same person who signed the check involved in this suit, and who was during 1920 and 1921, acting as Treasurer of the Federal Land Bank,

and that the check as to which witnesses state that it looks like "F. F. Root" is in fact signed "H. H. Root" and is the same person who was connected with the Crystal River Crate Company, and who was also Treasurer of the Federal Land Bank.

Thereupon, counsel for the State made the following statement to the court:

In order to obviate any necessity of delay, the State will admit that this witness would testify to the facts as stated in the above statement of Mr. Hampton on behalf of the defendant, and if said witness was produced as a witness, he would so testify. This admission is made to save the necessity of postponement. And counsel for the State now states to the court that the State of Florida will not offer further testimony to dispute that the party signing the check was "H. H. Root."

Thereupon this statement was accepted by the defendant and the statement was then read to the jury as above made, in lieu of said testimony, and admitted by the court, the jury being instructed to consider the same as other evidence.

This stipulation on the part of the State's attorney eliminated all question as to whether or not the check offered in evidence was signed "H. H. Root" or "F. F. Root" and established the fact (if the same had not already been established) that it was the check of "H. H. Root" and established a variance between the description as alleged in the indictment and the proof as offered upon the trial.

Whether or not this variance was fatal appears to us to be controlled by the opinion in the case of Barker v. The State, 78 Fla. 477, 83 So. R. 287, in which case the Court, speaking through Mr. Justice Ellis, say:

It is proper that an indictment for forgery should set out the material parts of the alleged forged instru-

ment that the court may be able to judge by inspection of the indictment whether from its terms the instrument is the subject of forgery.

Much care should be taken in preparing an indictment for forgery which sets out the alleged forged instrument in words and figures, that the description of the instrument conforms in all essential particulars to the instrument itself, which on the trial is offered to support the charge.

The date and place where the instrument purports to have been drawn, while part of the instrument, may not be an essential and material part of the description so that the defendant would be prejudiced by a difference appearing between the description in the indictment and the instrument itself, but such different, and the further difference between the description of the instrument and the document itself in amount for which the instrument was drawn constitutes a fatal variance where the objection is properly made at the trial to the introduction in evidence of the alleged forged document.

Where the pleader in preparing an indictment for forgery particularizes the instrument alleged to have been forged by setting out unnecessary marginal figures, characters, numbers, devices, etc., he will be held to strict proof according to the allegations.

When the written instrument was offered in evidence it was the province of the court to examine the instrument and determine whether or not there was a variance between that instrument and the instrument described in the indictment which would be fatal when the rule enunciated in the case of Barker v. State, *supra,* was applied thereto.

For the reasons stated, the judgment should be reversed, and it is so ordered.

Reversed.

TERRELL, C. J., AND WHITFIELD, ELLIS, BROWN AND BUFORD, J. J., AND LONG, CIRCUIT JUDGE, concur.