PER CURIAM.
Upon a plea of guilty to an information •charging the crime of forgery, petitioner Watkins was sentenced to a term of 90 days in the county jail. By petition for a writ of habeas corpus he now seeks release ■claiming: (1) a variance between the name signed to the alleged forged instrument described in the information and the proof submitted to support the charge, and, (2) the statute of limitations had run prior to the filing of the information. We issued the writ and a return has been filed.
With reference to the alleged variance, it is noted that petitioner, accompanied by counsel, pleaded guilty to the charge. No objection was tendered during the trial proceeding. The claim of this alleged defect comes too late in a post-conviction habeas corpus proceeding. Rogers v. State, 97 Fla. 290, 120 So. 561.
As to the claim based on the statute of limitations, we have held that habeas corpus cannot be employed to determine whether the statute of limitations has run. Horton v. Mayo, 153 Fla. 611, 15 So.2d 327.
The writ is discharged and petitioner is remanded to custody.
It is so ordered.
ROBERTS, C. J., and THOMAS, HOB-SON, DREW and THORNAL, JJ., concur.