463 So.2d 481 (1985)
Dorman E. PERKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-803.
District Court of Appeal of Florida, Second District.
February 8, 1985.
*482 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
OTT, Acting Chief Judge.
A jury convicted appellant of three counts of uttering a forged check. On appeal, he raises three points. For the reasons stated below, we affirm.
First, appellant argues that the trial court erred in refusing his requested instruction on his defense of authorization. A defendant is entitled to have the jury properly instructed on any valid defense supported by the evidence. Palmes v. State, 397 So.2d 648 (Fla. 1981). See also Corujo v. State, 424 So.2d 43 (Fla. 2d DCA 1983). Obviously, authorization to sign another's name is a valid defense to uttering a forged instrument. See Barker v. State, 78 Fla. 477, 83 So. 287 (1919). See also 36 Am.Jur.2d Forgery § 42 (1968). In Barker, the trial court refused to give the requested instruction on the defense of authorization. Our supreme court reversed, pointing out that this defense was not covered in the other instructions given by the court. 78 Fla. at 483, 83 So. at 289.
Here, the appellant requested essentially the same instruction that was denied in Barker.[1] Unlike Barker, however, we find that the trial court's instruction to the jury covered this defense. The trial court instructed the jury that the state had to prove beyond a reasonable doubt that: 1) appellant passed or offered to pass as true a check, 2) appellant knew the check was false or forged, and 3) appellant intended to injure or defraud some person or firm. The second and third elements of the offense would necessarily negate any defense of authorization. If the jury had believed the appellant had authority to write the check, it could not find the state had proven a crime.
We conclude, therefore, that this defense was adequately and fairly presented to the jury in the trial court's instruction, and that it was not error to refuse the specialized instruction requested by the appellant. Mathew v. State, 209 So.2d 234 (Fla. 2d DCA 1968).
In so ruling, we note that the trial court refused to give appellant's requested instruction, *483 which is specialized and requires comment on the evidence. Instead, the trial court gave the standard jury instruction used in criminal cases. See Fla.Std.Jury Instr. (Crim.) (pp. 12-15, 23-24, 29, 168) (1981 ed.). This is the correct practice as the standard jury instructions were designed to cover all aspects and elements of the statutory offense, and to avoid unnecessary comment on the evidence.
Next, appellant argues that the trial court erred in denying his motion for mistrial based upon prosecutorial impropriety. The record does not reveal any remarks by the prosecutor about defense counsel that would require a mistrial. See generally Briggs v. State, 455 So.2d 519 (Fla. 1st DCA 1984).
Finally, the appellant argues that the trial court erred in denying his motion for a mistrial based upon the prosecutor's remark on appellant's invocation of his Miranda rights. Appellant invited the rebuttal by arguing to the jury that he (appellant) had not made any prior inconsistent statements, when appellant had, in fact, exercised his right to remain silent and made no statement at all.[2] The trial court was correct in denying the appellant's motion for a mistrial where the prosecutor "rose to the bait" cast by the appellant. See Brown v. State, 367 So.2d 616, 625 (Fla. 1979).
Appellant's conviction and sentence are affirmed.
AFFIRMED.
DANAHY and SCHOONOVER, JJ., concur.
NOTES
[1] The appellant requested the following instruction:

There was evidence presented to you to the effect that the Defendant, DORMAN EDWARD PERKINS, was authorized to sign the name of HERBERT D. RALEY in each of the cases being tried before you. I charge you that such evidence may be a defense to the charges pending before you. If you believe that the Defendant was given such authority, i.e., that HERBERT D. RALEY's signature was affixed to the checks with his knowledge and/or consent, you should find the Defendant Not Guilty.
Or, in the event that you have a reasonable doubt that MR. RALEY authorized the Defendant to write the checks, you should give the Defendant the benefit of this doubt and find him Not Guilty.
[2] The following exchange occurred before the jury:

MR. MIELE (Defense Attorney): In short  in conclusion, rather, you'll find that's put in before you that the defendant has always had the same position  the same position. He has never changed position. The State Attorney will want you to believe that, oh, yeah, after the  after he was found out, then he says, yes I did this, this, this, and this. Okay. That's not so. They haven't produced one witness, which is generally what they want to do, their habit of doing, that shows he's made any inconsistent statements prior to this or any denials before you.
MR. YOUNG (Prosecutor): Judge, he knows full well the defendant invoked his Miranda rights.
THE COURT: Let's not get into that.
MR. MIELE: Objection, objection, objection, objection, Judge. Your Honor, a mistrial.