THOMPSON *vs.* DOUGLASS.

| | |
|---|---|
| 64 | 57 |
| 125 | 155 |
| 126 | 266 |

1. The question being as to the fact of the agency for the proprietor of a hotel in Savannah of one who purchased goods as the caterer, there was no error in excluding from the jury the evidence as to the custom of the proprietors of hotels in the city of Savannah in buying provisions through the hotel caterer.

2. Where the evidence tended to show a liability by reason of purchases made by a general agent, unless the principal had given notice to the seller that he must look to the agent for his money, and this was the real point at issue, it was error to charge that if the purchaser was a special agent for a particular purpose, the seller should examine his authority.

Evidence. Principal and agent. Charge of Court. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1879.

Thompson sued Mrs. Douglass in a justice court on an account for merchandise. On the trial the justice gave judgment for the plaintiff, and defendant appealed. On the trial in the superior court, the evidence for plaintiff tended to show that Mrs. Douglass was proprietress of the Pavilion hotel, and traded with plaintiff, using a pass-book; that she informed plaintiff that she had employed a caterer; that a few days after that, one Seymour, as caterer of the hotel, began making orders for groceries, which were sent to the hotel; that plaintiff considered the articles as furnished to defendant, and so charged them; and that he never knew that defendant disputed such charges until Seymour ran away; that she then denied owing the account, but afterwards promised to pay it if it was withdrawn from the hands of an attorney, but she failed to pay it, and it was sued.

The evidence for defendant tended to show that she traded with plaintiff, and instructed him not to let any one have goods without her book; that she found she could not conduct the entire hotel business, and accordingly made arrangements with Seymour by which he was to keep the restaurant and furnish meals to the boarders; that she then went to several stores where she had traded, and notified the proprietors that Seymour would be responsible for all goods purchased in his department; and that she so notified plaintiff among others. Defendant admitted that she told plaintiff that she would pay him the bill when she was able, if he would withdraw it from the hands of the attorney; she testified that she told plaintiff that she saw how he had been misled, and while it was hard on her, she would pay for what Seymour got rather than have plaintiff lose the debt; that she did make a payment on the debt, with money

which she received from a boarder who owed both her and Seymour.

The jury found for the defendant. Plaintiff moved for a new trial on the following, among other grounds:

1. That the court erred in excluding from the jury the evidence of the plaintiff showing that in Savannah the custom of hotels was to buy provisions on the credit of the proprietors through the hotels' caterers, and by orders signed by the caterers only.

2. Because the court erred in charging the jury: "If the goods sued for were bought by Seymour as special agent for a particular purpose, the plaintiff should have examined his authority," and in reading in this connection §2196 of the Code.

The motion was overruled, and plaintiff excepted.

A. P. & S. B. Adams, for plaintiff in error.

P. W. Meldrim; J. R. Saussy, for defendant.

Warner, Chief Justice.

The plaintiff sued the defendant in a justice's court on an account for the sum of $84.03, and judgment was rendered in his favor. The defendant entered an appeal to the superior court, and on the trial of the case in the last named court, the jury, under the charge of the court, found a verdict in favor of the defendant. A motion was made for a new trial on the several grounds therein stated, which was overruled, and the plaintiff excepted.

1. There was no error in excluding from the jury the evidence as to the custom of the proprietors of hotels in the city of Savannah in buying provisions through the hotel caterers.

2. The court charged the jury, amongst other things, that "if the goods sued for were bought by Seymour as a special agent for a particular purpose, the plaintiff should have examined his authority," and read the 2196th section of the

4

Code.   This charge of the court, in view of the evidence in the record, was error.   According to that evidence the defendant would have been liable to the plaintiff for the goods sold to Seymour as her caterer for the Pavilion hotel, as her general agent in that capacity, unless she had notified the plaintiff before the goods were sold and delivered, of the new arrangement which she had made, and told him that Seymour would be responsible for all the goods purchased in his department and that she had nothing to do with it.   If the defendant did thus notify the plaintiff, then she was not liable for the goods afterwards sold and delivered to Seymour by the plaintiff, and that was the main controlling question in the case, and should have been submitted to the jury by the court in its charge.   The charge of the court in relation to Seymour being the special agent of the defendant for a particular purpose, and that the plaintiff should have examined his authority as such special agent, was calculated to divert the minds of the jury from the main issue made by the evidence in the case, and to direct their attention to an issue not made by the evidence, to-wit : whether Seymour was a special agent for a particular purpose and did the plaintiff examine his authority as such special agent.   The jury may have found their verdict on the fact (assuming, as the charge of the court did, that Seymour was a special agent for a particular purpose) that there was no evidence that the plaintiff did examine as to Seymour's authority, whereas the evidence shows that the goods were sold and delivered by the plaintiff on the authority of defendant herself.

Let the judgment of the court below be reversed.