OSCAR W. CRAIG, *Alias* R. E. FALVEY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed February 25, 1928.

*Jones & Green,* of DeLand, for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for the State.

ELLIS, C. J.—The plaintiff in error was indicted for embezzlement of one hundred and sixty-two dollars and twenty-two cents of the goods and chattels of the Atlantic Coast Line Railroad Company. The money was described as "currency of the United States of America, a better description of which is to the Grand Jurors unknown." The date of the commission of the offense was alleged as being on the 26th day of November, 1925, in Volusia County, Florida, "and on divers other days and dates after said date and before the filing of this indictment." The indictment was filed November 17, 1926.

The accused pleaded not guilty, was tried and convicted of the offense charged and judgment entered against him. On the day the accused entered his plea of not guilty he moved for a bill of particulars. Whether the motion was before or after the plea the record does not disclose. He was placed on trial on December 8, 1926. The motion for a bill of particulars was denied. That ruling is assigned as error.

The rule as to requiring the State to furnish to the defendant a bill of particulars in a criminal case in which he is charged with embezzlement leaves the matter to the discretion of the trial court. Although it recognizes the right of the defendant in such case to be furnished with a bill of particulars in view of the general terms in which the charge under the statute may be made, yet the application must be properly made and accompanied or supported by a showing that the bill of particulars is necessary for the proper administration of justice. See Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938; Eatman v. State, 48 Fla. 21, 37 South. Rep. 576; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287.

The application should be properly made, that is to say, it should be made before pleading to the merits. If the

indictment is sufficiently full in its allegations of fact constituting the crime charged to enable a person to plead to it the greater part of the reason for allowing the particulars does not exist. The application should be accompanied or supported by a showing that the accused could not properly prepare his defense without the bill of particulars. The motion does not rest upon a legal right but it is a matter within the trial court's discretion and its order will not be reversed unless an abuse of discretion is made to appear. Mr. Justice SHACKELFORD, in the case of Mathis v. State, *supra,* discussed fully the rule and the reason underlying. There is no need to attempt to make it clearer. His discussion of it was thorough.

Now, in this case the record does not disclose that the application was made before pleading to the merits. Counsel in their brief state that it was, but that is not the record. It cannot be presumed that the application was made before pleading to the merits. The application was not so much for a bill of particulars as for a detailed statement of the evidence by which the State proposed to prove its case. The motion was for a specification of the manner, time, place and thing embezzled. It asked for a specification of "wherein and in what manner," if any, the defendant embezzled the money.

The thing embezzled, the place where and the amount taken, were all alleged in the indictment. The statute, Section 6068, Revised General Statutes, confines the proof of the crime to a period of six months from the date alleged. The defendant, therefore, could have reasonably asked only for the dates upon which, or shorter periods than six months within which, the embezzlements occurred. A bill of particulars is intended merely to give notice and guard against surprise on the trial; it does not affect the indictment, is not part of the record, and not open to demurrer.

It affects the proof and mode of trial only. See Mathis v. State, *supra*.

It is difficult, if not indeed impossible, to conceive how a bill of particulars could be necessary in a case like this to a proper administration of justice. If the defendant was advised of the nature and cause of the accusation against him and had notice of the dates on which the acts constituting the offense were committed, there was no necessity for a bill of particulars. All of this information was given in the indictment. The statements in the motion intended to show why a bill of particulars was necessary are, in the last analysis, mere inadequate attacks upon the sufficiency of the indictment.

We think there is no merit in that assignment of error.

The defendant was a ticket agent at DeLand Junction, employed by the Atlantic Coast Line Railroad Company. He had charge of the office at night, during which time, on different dates, so the evidence tended to show, he sold tickets to passengers as they applied for them. He marked upon the stubs of some of the tickets different destinations from those to which the corresponding tickets were sold. The stub markings showed a shorter number of miles for which transportation was sold than that for which the corresponding tickets were sold. The following morning he would account to his superior, who had charge of the office during the day, for a sum of money equal to that which the ticket stubs showed he should have on hand and retained and converted to his own use the difference between that sum and the sums he had actually received for tickets which had been sold for greater distances of transportation. A series of such transactions extended through a period of many weeks. The sum total of his several embezzlements amounted, according to the verdict of the jury, to the sum of $116.70.

The counsel for the accused says that the State should have been required to elect between these several embezzlements which particular transaction it would rest its case upon and the prosecution should have stood or fallen on that; that charging the accused of one embezzlement the State should not have been permitted to prove fourteen; that even though the accused should have been guilty of thirteen embezzlements within the time alleged at the place alleged in the same continuous employment, he should be held to be not guilty if in the remaining instance selected by the prosecuting attorney upon which the prosecution should rest the jury should have thought the case not sufficiently established.

The accused was in continuous employment of the Atlantic Coast Line Railroad Company during the period covered by the several transactions to which evidence was submitted. The aggregate of his defalcations amounted to more than a hundred dollars during several weeks or months. His conviction or acquittal of the charge would be a bar to another prosecution covering the same period alleged in the indictment and limited by statute.

As said by the Supreme Court of Illinois: "The body of the crime consists of many acts done by virtue of the confidential relations existing between the employer and the employe, with funds, moneys or securities over which the servant is given care or custody, in whole or in part, by virtue of his employment. The separate acts may not be susceptible of direct proof, but the aggregate result is, and that is embezzlement." Ker v. The People, 110 Ill. 627, 51 Am. Rep. 706; Jackson v. State, 76 Ga. 551; State v. Reinhart, 26 Oregon 466, 38 Pac. Rep. 822.

The case of Edelhoff v. State, 5 Wyoming 19, 36 Pac. Rep. 627, cited by counsel for plaintiff in error, we do not

regard as stating the correct rule as applied to the situation existing in this case.

The indictment alleged that the thing embezzled was "Dollars, currency of the United States of America,". a better description of which was unknown to the Grand Jurors. The description of the thing stolen as "currency of the United States of America" may not have been necessary to the validity of the charge, but having been so described it should have been proven. See Wallis v. State, 54 Ark. 611, 16 S. W. Rep. 821; Gerard v. State, 10 Tex. App. 690; Lewis v. State, 28 Tex. App. 140, 12 S. W. Rep. 736; Watson v. State, 64 Ga. 60.

When the pleader unnecessarily describes with such meticulous particularity the property or thing embezzled he should prove it as laid. See Barker v. State, 78 Fla. 477, 83 South. Rep. 287.

The question, therefore, is whether the evidence of the thing embezzled was sufficient to support the allegation in the indictment that the thing embezzled was "Dollars, currency of the United States of America." The writer is of the opinion that the evidence fails in this particular because it does not tend to prove, except by the aid of presumptions against the accused, that when he sold a railroad ticket good for a certain number of miles of railroad transportation that he received therefor "Dollars, currency of the United States of America" more than he actually accounted for to his superior.

It was the duty of the accused as agent for the railroad to sell tickets for personal transportation according to a schedule of prices or rates furnished to him by his employers and to receive in exchange therefor the scheduled sum of money in "Dollars, currency of the United States of America"; but that he actually did receive for the tickets sold more money than he accounted for is a matter of infer-

ence which rests upon the presumption that as he had no authority from his employer to do so the defendant did not sell any railroad tickets for anything other than money of the United States or for a less sum than indicated by the schedule. Such inference may be justified in a civil action upon his bond to the company but I am doubtful of its propriety in a criminal prosecution for embezzlement. See Rast v. State, 79 Fla. 772, 84 South. Rep. 683.

The other members of the Court, however, are of the opinion that the evidence is sufficient to support the allegation in the indictment and think that there was no error in the jury's finding in that particular, so it is considered by the Court that the judgment be and the same is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.

STRUM, J. (concurring) :

While there is no evidence in *haec verba* that the sum embezzled was "currency of the United States of America," the evidence in that respect, in my opinion, is not fatally deficient.

T. L. O'Connor, a witness for the State, testified to the rates of fare from DeLand to the several destinations entered by the defendant upon the retained stub of the several tickets in question, and he also testified to the rates of fare from DeLand to the several destinations endorsed by the defendant upon the corresponding tickets delivered to passengers. In each instance, the latter fare was greater, resulting in a discrepancy between the sum actually received by the defendant for the several tickets and the sum actually

delivered by him to his principal and reported on his ac-
count sales. The record shows that the witness O'Connor
testified that the several discrepancies thus resulting were
"$17.65;" "$17.43;" "$3.43;" "$1.40;" * * *, etc.,
and that the aggregate discrepancy between the amount of
the stubs and the corresponding tickets was "$116.70," the
amount found by the jury to have been embezzled by the
defendant. Undoubtedly, when this witness gave his tes-
timony *ore tenus,* he pronounced these amount in the usual
way, that is, "seventeen dollars and sixty-five cents;"
"seventeen dollars and forty-three cents," etc., and the
aggregate amount as "one hundred sixteen dollars and
seventy cents." "Currency of the United States of Amer-
ica," as used in an indictment for embezzlement, means
coin, bank notes, or notes issued by or under authority of
the Federal Government which pass at a fixed value from
hand to hand as a medium of exchange. By common under-
standing "$116.70," when translated into words and
spoken as a witness would speak it, becomes "one hundred
and sixteen dollars and seventy cents." Leonard v. State,
22 South. Rep. 564. See also Plummer v. State, 83 Fla.
689, 92 South. Rep. 222, and Section 6068, Rev. Gen. Stats.
1920. The use of the conventional dollar sign in connection
with the figures given in the record representing the sums
testified to by the witness O'Connor is unquestionably an
abbreviation originating with the Court Reporter in trans-
cribing the evidence. The dollar sign is a mere chiro-
graphic symbol. It can not be spoken without using the
word it represents. This Court takes judicial notice that
the currency of the United States is designated in dollars
and cents. The witness O'Connor testified that the thing
embezzled was a designated number of dollars and cents.
While the testimony does not embrace the language in *haec
verba* that these amounts were "* * * dollars, cur-

rency of the United States of America,'' it does show conclusively that the sums under discussion were employed in the purchase by passengers of railroad tickets at DeLand, Florida, for passage to divers destinations within the State of Florida and neighboring states. From those facts and circumstances, as well as other circumstances of a similar nature shown by the whole record, I think the jury might lawfully infer, as it did, that the sums testified to as dollars and cents were ''currency of the United States of America.'' See Gady v. State, 3 South. Rep. 429; Britain v. State, 105 S. W. Rep. 817; Barry v. State, 80 S. W. Rep. 630.

I concur in the opinion of Mr. Chief Justice Ellis relating to the other errors assigned by plaintiff in error, and as I am also of the opinion that there is no fatal variance between the description of the money as laid in the indictment and as proved by the evidence, I concur in the judgment of affirmance.

WHITFIELD, TERRELL, BROWN AND BUFORD, J. J., concur.