HYMIE SWERDLIN v. STATE

195 So. 143
Division A
Opinion Filed March 29, 1940

*H. M. Hampton,* for Appellant;

*George Couper Gibbs,* Attorney General, *Thomas J. Ellis,* Assistant Attorney General, for Appellee.

TERRELL, C. J.—Appellant was tried and convicted on an information in three counts, viz.: (1) He did unlawfully, feloniously, and fraudulently dispose of a car of

watermelons, the property of John B. Yongue, which he took in custody as agent of Yongue, (2) That with intent to defraud Yongue, he falsely pretended that he was the agent of the State of Florida when he accepted the car of melons, which representations were false but which Yongue relied upon and delivered the car of melons to appellant, (3) That he did steal, take, and carry away and convert to his own use one car of watermelons. The jury acquitted appellant on the second count and, by instruction, on the third count but convicted him on the first count finding the value of the watermelons to be sixty dollars. Motion for new trial was denied and this writ of error was prosecuted.

The question to be answered may be thus stated: Can one who is charged with having fraudulently disposed of a car of watermelons that came into his hands by reason of his employment, be convicted on proof that he failed to account for the proceeds of the watermelons placed in his hands for sale by the owner?

Under the practice in some jurisdictions, the verdict and judgment rendered might be permitted to stand but under the rule prevailing in this State with reference to consistency in the charge and the proof, it must be reversed. Craig v. State, 95 Fla. 374, 116 So. 272; Rogers v. State, 97 Fla. 290, 130 So. 561; Sansbarry v. State, 5 Ala. Appl. 117, 58 So. 340. See also West v. State, 140 Fla. 421, 191 So. 771, the most receent statement by this Court of the general rule.

Reversed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.