## E. L. STOVALL v. STATE OF FLORIDA

24 So. (2nd) 582

January Term, 1946

January 25, 1946

En Banc

Rehearing denied Feb. 15, 1946

*Paul Lake,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

BUFORD, J.:

The defendant in the court below, having been convicted under each of four counts of information which in the first count charged in effect that E. L. Stovall on the 6th day of February, 1944, in Hillsborough County, Florida, did unlawfully and feloniously buy receive and aid in the concealment of certain stolen property, to-wit: one case of cigarettes of the value of $74.00 of the property of Eli Witt Cigar Company, the said E. L. Stovall then and there well knowing at the time he so bought, received and aided in the concealment of said property that said property was then and there stolen property.

The second, third and fourth counts were identical with the frst count except that the second count alleged that a case of cigarettes was so received by the accused on the 20th day of February, 1944, and the third count alleged that a case of cigarettes was received by the accused on the 10th day of March, 1944, and the fourth count alleged that a case of cigarettes was so received by the accused on the 5th day of April, 1944.

Each of said counts contained all the allegations necessary in charging the unlawfully and knowingly receiving stolen property then and there knowing such property to have been stolen property.

Motion to quash was filed in the following language:

"Comes now E. L. Stovall, defendant named in the information in the above styled cause on the 22nd day of June, A. D. 1944, in which said information the defendant is charged in four counts with feloniously buying, receiving and aiding in the concealment of stolen property, by and through his attorney, Paul Lake, and moves the Court to quash said information for the following reasons, to-wit:

"1. Because the same is bad for duplicity.

"2. Because said information is bad for duplicity in that it charges that the defendant did commit four separate and distinct offenses on separate and unconnected occasions, said offenses being in nowise connected, and each offense being independent of the other, as charged."

Motion was denied and trial was had resulting in conviction of all four counts.

The appellant relies upon our opinion and judgment in the case of W. L. Houchins v. State of Florida, 154 Fla. 283, 17 So. (2nd) 82. We think that what was said in that case is not applicable to the case at bar because in that case the information charged two entirely unrelated offenses, one being violation of the Uniform Sales and Securities Act and the other being the crime of embezzlement. If under the facts developed in that case two informations had been filed, one charging the violation of the Uniform Sales and Securities Act and the other charging embezzlement, and the defendant had been put on trial under either indictment, evidence of the

commission of the other offense would not have been admissible. But, in the instant case, had the defendant been put on trial under information charging either of the separate offenses, evidences of the other offenses being of like character, committed in like manner and between all the same parties, would have been admissible to show a course of dealing and the method pursued by the defendant in such transactions. See Ryan v. State, 83 Fla. 610, 92 So. 570; Suarez v. State, 95 Fla. 42. 115 Sou. 519; Wallace v. State, 41 Fla. 547, 26 So. 713; Hayward v. State, 152 Fla. 608, 12 So. (2nd) 458; Green v. State, 121 Fla. 307, 163 So. 712.

In the case of Eggart v. State, 40 Fla. 527, 25 So. 144, this court had before it an information which in the first count charged that the defendant on the 18th day of February, 1897, and at other times between that date and the 9th day of March, 1897, advised and caused to be taken by Rosalie Rauch, a woman, certain drugs, medicines, and other noxious things, to-wit pills known as pennyroyal pills and a liquid known as fluid extract of cotton root with the intent of him the said Gus A. Eggart then and there thereby to produce a miscarriage of her the said Rosaline Rauch in consequence whereof the said Rosalie Rauch did not die, and in the second count of the information it was charged that the said Gus A. Eggart in the said county and state on the 18th day of February A. D. 1897 did unlawfully advise and cause to be taken by the said Rosalie Rauch, a woman, certain noxious things, to-wit pills composed of iron, sulphate and alloes with a coating of sugar, with the intent of him the said Gus A. Eggart thereby then and there to procure miscarriage of her the said Rosalie Rauch, in consequence whereof the said Rosalie Rauch did not die. The third count of the information charged that the said Gus A. Eggart at and in the said county and state on the 4th day of March A. D. 1897, did unlawfully advise and cause to be taken by said Rosalie Rauch, a woman, a certain noxious thing, to-wit: fluid extract of cotton root, with the intent of him the said Gus A. Eggart thereby then and there to produce miscarriage of her the said Rosalie Rauch in consequence whereof the said Rosalie Rauch did not die. In that case Chief Justice TAYLOR in writing the opinion for the Court said, in

regard to that ground of the motion which challenged the information because it was duplicitous:

"Neither can the further contention be sustained that the information is bad because in it are charged several separate and distinct felonies. Section 2893 Revised Statutes provides that 'no indictment shall be quashed or judgment be arrested or new trial be granted on account of any defect in the form of indictment, or of misjoinder of offenses or for any cause whatsoever unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him, after conviction or acquittal, to substantial danger of a new prosecution for the same offense.' It has been repeatedly held here that under this statute it is no objection to an indictment that two or more offenses are joined in separate counts therein unless, upon an application to quash or motion in arrest of judgment, the court shall be of opinion that the indictment was so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to danger of a new prosecution for the same offense. Green v. State, 17 Fla. 669; Kennedy v. State, 31 Fla. 428, 12 South Rep. 858. There is nothing in any of the counts of this information, taken separately or collectively, that tended to mislead or embarrass the defendant in the preparation of his defense, or that exposed him, after conviction or acquittal, to another prosecution for the same offense."

In the case of Branch v. State of Florida, 76 Fla. 558, 80 So. 482, Branch was charged in six (6) counts of an information with the crime of embezzlement. The first count alleged the embezzlement on the 23rd day of March, 1915, of the sum of $828.08; the second count charged Branch with embezzlement on the 23rd day of March, 1915, of the sum of $207.03; the third count charged Branch with the embezzlement on the 12th day of June, 1915, of the sum of $971.52; the fourth count charged him with the embezzlement on the 12th day of June, 1915, of the sum of $242.92; the fifth count charged him with embezzlement on the 13th day of August, 1915, of the sum of $9,888.34 and the sixth count charged him with the

embezzlement on the 13th day of August, 1915, of the sum of $2,472.18. There was no motion to quash but defendant's counsel moved the court to require the county solicitor to file a bill of particulars as to each and every count charged in the information to have been embezzled by the defendant. This motion was granted and a bill of particulars was filed. Thereupon defendant's counsel moved the court to strike from the bill of particulars so filed each and every item therein contained save and except certain enumerated items, and further that the county solicitor be required to furnish the defendant. an itemized bill of particulars showing the items going to make up the several amounts with the embezzlement of which the defendant was charged and upon which the State relied for a conviction.

Motion was made to require state's attorney to elect upon which count he would proceed with the prosecution. This motion was denied. Mr. Justice WEST, writing the opinion for the court, said:

"By Section 3962, General Statutes of 1906, it is provided that: 'No indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.'

"If there was no misjoinder of offenses in the information it was not error to refuse to require the State to elect upon which count it would stand for a conviction, and furthermore, it is well settled here that whether the prosecutor will be required to elect upon which of several counts he will try the accused is within the sound discretion of the trial court. Green v. State, 17 Fla. 669; Eggart v. State, 40 Fla. 527, 25 So. Rep. 144. There was, therefore, no error in this ruling, and since no question was presented by the motion in arrest of judgment not considered in one of the preceding motions neither of the assignments now under consideration can be sustained."

In 27 Am Juris. page 689, Sec. 131, it is said:

"Offenses Relating to Different Transactions. — In the absence of statutes prohibiting the joinder of more than one offense in the same indictment, it is, in strict point of law, permissible to join several distinct offenses in separate counts in the same indictment, where all of the offenses charged are of the same general nature or class and are committed by the same offender, although at different times, despite the facts that they may be punishable with different degrees of severity, and that they may even involve the property of several different persons. It is obvious, however, that this practice, if uncontrolled by a wise judicial discretion, might easily lead to great oppression, and it is the general rule that the joinder in the same indictment or information of several felonies is subject to the power of the court to quash the indictment or to compel an election by the state, where it is necessary in order to protect the accused from prejudice."

This text is amply supported by the cases cited in that regard.

The defendant challenges the sufficiency of the evidence to sustain the verdict and judgments.

The record shows that the State produced ample evidence to fully sustain each count of the information. It also shows that the defendant denied a considerable portion of the State's evidence but where the evidence was conflicting, if material conflicts in fact did exist, it is the province of the jury to determine who was speaking the truth and upon that determination to return its verdict. The jury performed that duty and trial judge, having heard all the testimony, endorsed the finding of the jury by denying motion for a new trial.

We find no reversible error reflected in the record, and therefore, the judgments are affirmed.

THOMAS, ADAMS and SEBRING, JJ., concur.

CHAPMAN, C.J., TERRELL and BROWN, JJ., DISSENT.