BIRD, JOHN .U., Associate Judge.
This is an appeal by D. R. Hughes from a, judgment and sentence of the Criminal Court of Record of Polk County. Information filed on' the 27th day of February, 1956 contained 16 counts charging the defendant with grand larceny in each count. In each of the counts the defendant is charged with a substantial and separate offense of grand larceny alleged to have been committed on separate days and in separate amounts, the total of which, when added together, amounts to a sum well over $100,000.
Each count charged that the appellant in 1955, on the days certain set out in • each count, did unlawfully and felonious-, ly take, steal and carry away certain property, to-wit: currency of the United States of America in denominations which is to the solicitor unknown, of the value alleged to have been taken, all of which ire in excess of $50, which was at that time the demarcation between grand larceny and petty larceny, of the property, money and goods of the Adams Packing Association, Inc., a Florida corporation.
The appellant was placed on trial on the 11th day of July, 1956 and found guilty by separate verdicts on each of the 16 counts set forth in the Information. On the 23rd day of July, 1956 the Court entered judgment and sentence on the defendant wherein the defendant was sentenced 'to State Prison for five years on the first count and five years on the second count, to run consecutively. The remaining 14 counts were continued from day to day arid term to term; and no question is here raised with reference to the deferring of sentence on these counts.
The facts as disclosed by the evidence produced at the 'trial indicate that the defendant was a fruit buyer for Adams Packing Association, Inc., and that he had been such buyer for several years prior to 1956. That on the dates mentioned on the several counts of the Information he presented to the Adams Packing Association, Inc., a contract for the purchase of various crops of fruit belonging to different owners, each of said contracts' forming the basis for one of the counts in the Information. These contracts purported to have been signed by the grower and owner of the fruit; and that the fruit was to be harvested by the defendant and paid for upon a schedule set forth in the contract, and reciting that the defendant had paid or advanced thereon the amount set forth in said several contracts; and Adams Packing Association, Inc., when such contracts were presented, paid to or deposited in the bank- account of defendant the amount of money so alleged to have been advanced.
At the trial it was established that each of these contracts was a forgery, and thus the Adams Packing Association, Inc., was defrauded in the amounts set forth in the several counts of the Information.
The Assignment of Errors raised the question of the propriety of the orders of the Court denying the Motion to Quash, the Motion for a Bill of Particulars and the. Motion to Elect.
A Motion to Quash was filed alleging, first, that the Information was void because of inconsistency of the counts; second,' that the Information was duplicitous; third, that it was in violation of Section 11, Florida Declaration of Right, F.S.A.; fourth, that it failed to state the overt act constituting the crimes charged; and fifth, that it failed to charge a crime under Section 811.021, F.S.A. This Motion was denied.
Each count of the Information in this case charges that the offense took place in the County of Polk, State of Florida, on the several dates therein respectively mentioned, the amount of currency alleged to have been stolen and its value, and the owner of the property, and thus complies with Section 811.021, Sub-section (5), F.S.A., which reads as follows:
*209 “It shall be sufficient for any indictment, information or warrant returned, filed or issued under this section to charge generally that the defendant at the time and in the county specified, did steal the personal property, thing in action, evidence of debt or contract or article of value out of which the prosecution arose, describing the same in general terms and alleging generally the ownership and value thereof. This section shall not be construed as intending to interfere with the power of the court to require the state to furnish the defendant with a bill of particulars in proper cases and on sufficient showing that cause exists for the same.”
Each count of this Information sets forth a separate offense. They were so closely related in character, common design and mode of operation that they justify, if not require, their inclusion in one Information, which is permissible under Section 906.25, F.S.A.
In Stovall v. State, 156 Fla. 832, 24 So.2d 582, 584, it is said:
“By section 3962, General Statutes of 1906 (F.S.A. § 906.25), it is provided that—‘No indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.’
“If there was no misjoinder of offenses in the information, it' was not error to refuse to require the state to elect upon which count it would stand for a conviction, and, furthermore, it is well settled here that whether the prosecutor will be required to elect upon which of several counts he will try the accused is within the sound discretion of the trial court. Green v. State, 17 Fla. 669; Eggart v. State, 40 Fla. 527, 25 So. 144.”
The Motion to Quash was properly overruled.
The defendant moved the Court to require the State to furnish a Bill of Particulars, which sought information as follows:
“a.) The exact date on which it is claimed the larceny was committed.
“b.) The value of the currency of the United States of America charged to have been stolen.
“c.) The place from which said currency was taken.
“d.) The name of the person or officer of the corporation from whose possession said currency was taken.”
What we have said regarding the order overruling the Motion, to Quash is applicable here.
The Motion is addressed to the sound discretion of the Court. See Craig v. State, 95 Fla. 374, 116 So. 272.
The information sought is clearly set out in the charge and said Motion is unverified and does not set forth facts indicating that the defendant was in any way prejudiced, embarrassed or hindered in the preparation or presentation of his defense or did not subject him to the danger of a second prosecution after acquittal or conviction. See Mathis v. State, 45 Fla. 46, 34 So. 287; and Thalheim v. State, 38 Fla. 169, 20 So. 938. We therefore find no error in this ruling.
It is next contended that the Court erred in overruling defendant’s Motion to *210 Compel the State to Elect which count of the Information it would proceed upon. As we have seen, each count of the Information set forth separate and distinct offenses but are so related as to justify their inclusion in one trial, and therefore we find no merit in this contention.
In Stovall v. State, supra, the Court, speaking through Mr. Justice Buford, quoted with approval from American Jurisprudence as follows:
“Offenses Relating to Different Transactions. — In the absence of statutes prohibiting the joinder of more than one offense in the same indictment, it is, in strict point of law, permissible to join several distinct offenses in separate counts in the same indictment, where all of the offenses charged are of the same general nature or class and are committed by the same offender, although at different times, despite the facts that they may be punishable with different degrees of severity, and that they may even involve the property of several different persons. It is obvious, however, that this practice, if uncontrolled by a wise judicial discretion, might easily lead to great oppression, and it is the general rule that the joinder in the same indictment or information of several felonies is subject to the power of the court to quash the indictment or to compel an election by the state, where it is necessary in order to protect the accused from prejudice.”
We therefore find no error in this ruling.
It is next contended that the Court erred in imposing consecutive sentences upon the first and second counts of the Information. Section 921.16, F.S.A., provides :
“When the defendant has been convicted of two or more offenses charged in the same indictment or information or in consolidated indictments or in-formations, the terms of imprisonment shall be served concurrently unless the court expressly directs that they or some of them be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently.”
We have held herein that each count of the Information charges a separate offense and is properly included therein, and thus this section is ample authority for the consecutive sentences imposed. Further discussion thereof is therefore unnecessary. Of course, if there is more than one count in an information but each is a facet or phase of the same offense or transaction, there could be only one sentence imposed even though a verdict of guilty might have resulted on more than one count. In Williams v. State, Fla., 69 So.2d 766, first headnote, the Court said:
“Where a defendant is convicted under the lottery laws on two or more counts involving both misdemeanors and felonies, only one sentence is applicable, and that sentence should be on the highest degree of the offense. F.S.A. § 849.09”
See also Simmons v. State, 151 Fla. 778, 10 So.2d 436; Norwood v. State, Fla., 86 So.2d 427; Wheeler v. State, Fla., 72 So.2d 364; Williams v. State, Fla., 69 So.2d 766; and Johnson v. State, 157 Fla. 685, 27 So.2d 276.
The final question raised by counsel challenges a remark of the trial judge during the closing argument of the Honorable D. M. Martin, for defendant, before the jury, where the following incident took place:
“The Court: Mr. Martin, no one in here is deaf.
“Mr. Martin: Counsel for the defense objects to the remark by the Court in the presence of the jury, ‘that no one is deaf in here’ and I ask that *211 The Court in all sincerity and respect to please permit me to make my argument in my own way to the jury.
“The Court: You may. The remark was made because you were raising your voice to the extent that it was offensive in this small Court Room.
“Mr. Martin: The defendant further objects to the remarks of the Court.
“The Court: Proceed, please sir. Abiding by the instructions of The Court.
“Mr. Martin: May I proceed, Your Honor ?
“The Court: You may, abiding by the instructions of The Court.”
The Judge, in his charge to the Jury, stated:
“Let me say this at this point too; Mr. Martin has told you, and it is the duty of the attorneys here, as they see fit, to represent their clients. And it is the duty of the Court to see that this trial is conducted in accordance with the established rules. My remarks — let me say this — to Mr. Martin were no reflection whatsoever upon him, whatsoever. That is just a mannerism he has acquired, and something which this Court does not countenance with any attorney. There was no reflection intended on him, and even if it was, you couldn’t consider it against his client whatsoever. He was merely performing his duty as he sees it, and there is not any reflection against his client nor any reflection against him, just applying the discretion of The Court in controlling the conduct of this case.”
We have examined the authorities cited by counsel and are unable to find any merit in the contention of appellant that he was prejudiced or harmed by this remark, and it could not have affected the verdict. If any unfavorable inference could be drawn from the remark or admonition of the Judge, the same was fully erased by his explanation to the Jury.
We find no reversible error in this record. The judgment and sentence are therefore affirmed.
KANNER, C. J., and SHANNON, J., concur.