196 So.2d 19 (1967)
John GAYNOR, Appellant,
v.
STATE of Florida, Appellee.
No. 915.
District Court of Appeal of Florida. Fourth District.
March 6, 1967.
*20 Jack A. Nants, Orlando, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and James T. Carlisle, Asst. Atty. Gen., Vero Beach, for appellee.
CROSS, Judge.
Appellant, who was defendant in the trial court, was charged by information with the offense of grand larceny. He was tried and convicted by a jury, and after being so adjudged by the court was sentenced to a term of imprisonment in the state penitentiary. It is this judgment and sentence he appeals and brings the case to its present posture before this court.
The information charges the defendant with larceny in that he "did then and there steal, take and carry away certain personal property, to-wit: television sets, the value of more than $100.00 the property of one J.M. Fields, Inc., a corporation authorized to do business in the State of Florida, from and out of the possession of the said J.M. Fields, Inc., and without its consent * * *."
The defendant took his wife and two other persons to do some shopping and while so doing defendant removed four television sets from the J.M. Fields store and placed them in his car parked outside. While putting the fourth set in the car defendant was accosted by one of the store clerks. Defendant immediately walked back into the store and disappeared and was not seen again until apprehended at a bar near the trailer camp where he lived. Upon being apprehended, defendant stated that he had purchased the television sets from a Negro outside the store and had left them in his car in front of the store because he had an idea they might have been stolen.
Appellant first contends that the trial court erred in denying his motion for directed verdict made at the conclusion of the state's case on the ground that the information was insufficient as a matter of law. The primary thrust of this contention is that the information did not allege the felonious intent of the defendant to deprive the owner permanently of its property.
In 1951 the Florida legislature incorporated under one definition the separate crimes of larceny, embezzlement and obtaining property under false pretence. F.S.A. § 811.021. By it the legislature sought to simplify the pleadings and eliminate technical distinction and confusion heretofore found which resulted from a fine line of demarcation between these offenses as they had previously been defined by the legislature and the courts. This appears to be in keeping with the modern trend streamlining indictments and informations in order that the trial may proceed speedily to a decision on the merits of the case. The legislature furthered this desired result by including in the above mentioned statute subsection (5), which is as follows:
"F.S. 811.021 Larceny defined; penalties; sufficiency of indictment, information or warrant. 
* * * * * *
(5) It shall be sufficient for any indictment, information or warrant returned, filed or issued under this section to charge generally that the defendant at the time and in the county specified, did steal the personal property, thing in action, evidence of debt or contract or article of value out of which the prosecution arose, describing the same in general terms and alleging generally the ownership and value thereof. This section shall not be construed as intending to interfere with the power of the court to require the state to furnish the defendant with a bill of particulars in proper cases and on sufficient showing that cause exists for the same."
The charge of grand larceny is based on the word "steal" in the information. This is in conformity with the above-quoted *21 section, F.S. § 811.021(5), F.S.A., and is sufficient to show the felonious intent of the defendant to deprive the owner permanently of its property. Hughes v. State, Fla.App. 1958, 103 So.2d 207.
Defendant further contends that there was a fatal variance between the ownership of the property alleged and the proof thereof since defendant was charged with having stolen television sets from J.M. Fields, Inc., and the proof allegedly established that the television sets were stolen from F.F.J.M. Fields of North Florida, Inc.
An essential element of larceny is that the property stolen must have been the property of another than the thief. The indictment or information must therefore allege that the property belonged to some person other than the accused. 20 Fla.Jur., Larceny, § 50. The Supreme Court in Hearn v. State, Fla. 1951, 55 So.2d 559, 28 A.L.R.2d 1179, clarified the meaning attributed to alleging the name of the owner of stolen property in an information or indictment charging the crime of larceny, when it stated (at page 561):
"Larceny is an offense against the public, that is against the State, and the offense is the same whether the property stolen belongs to one person or several persons jointly or to several persons each owning separate parts thereof. The names of the owners of the stolen property constitute no part of the offense. They are stated in the information primarily as a matter of description for the purpose of identification and to show ownership in a person or persons other than the accused."
The appellant further contends that the information failed to allege with any particularity the articles stolen. The information describes the personal property alleged to have been stolen as "television sets". The Supreme Court of Florida in an early case, Clark v. State, 1910, 59 Fla. 9, 12, 52 So. 518, 520, dealt with the question of describing personal property alleged to have been stolen in an indictment or information charging the crime of larceny as follows:
"In a prosecution for larceny, the indictment, for the purpose of giving individuality to the act charged, should, with reasonable certainty, state the species or names and the number of the articles or things alleged to have been stolen, so as to show that the things or articles are personal property and the subjects of larceny and that the proofs are of the same property, and to prevent embarrassment to the accused in making his defense, and to protect him against a second prosecution for the same offense. The description required is only such as, in connection with the other allegations, will affirmatively show the defendant to be guilty, is sustained by proof, and will reasonably inform him of the facts charged and enable him to make defense. The limit in requiring certainty of description is that it need not be so minute or expanded as to impose unreasonable burdens upon the prosecution or otherwise defeat justice. * * *"
The information alleged the personal property stolen to be "television sets". The defendant could have required the state to furnish a bill of particulars, as allowed in F.S.A. § 811.021(5), had he wanted a more particular description of the articles alleged to have been stolen. Instead defendant did not request this bill of particulars but defended the charge as alleged in the information, and in light of the adoption by the legislature of Section 811.021 we deem the allegation sufficient.
We have carefully considered the remaining points by which defendant seeks reversal of the judgment appealed and find no error.
Affirmed.
WALDEN, C.J., and ANDREWS, J., concur.