PER CURIAM.
The appellant was informed against and convicted, in a non-jury trial, of attempting to break and enter a building with intent to commit a felony, to-wit: grand larceny. He was sentenced to confinement in the state penitentiary for years, with credit allowed for 79 days served prior to sentencing. On this appeal therefrom it is contended on behalf of the appellant that the trial court committed reversible error in denying his motion for a better bill of particulars.
In the information the offense charged was alleged to have occurred “between the 6th day of April, 1967, and the 9th day of April 1967.” The defendant moved for a bill of particulars, on April 25, 1967, requesting, among other things, “the exact date, time and place of the alleged crime.” The state attorney filed a bill of particulars on May 15, 1967, which stated, as to the date and time of the alleged offense, “Between April 6, 1967, and April 9, 1967, between 10:30 p. m. and 2:15 a. m.” When the matter came on for trial on May 25, 1967, the case was called, counsel for the parties announced their readiness to proceed, witnesses were sworn and instructed by the court as to their conduct during the trial, and counsel for the defendant then orally moved the court for a better bill of particulars. In presenting that motion counsel for defendant, referring to the bill of particulars which had been filed, stated: “We asked for a statement as to the time of the alleged offense, and we received a reply that it happened between three different days. We don’t think that is definite enough.” In the course of the discussion of the motion the court stated: “The time when we had these motions heard and you get your usual ruling on a bill of particulars, why don’t you, at that time, object, rather than wait until the last minute,” to which counsel for the defendant said: “Well, we will do it from now on.” Thereupon the court overruled the objection to the bill of particulars and denied the motion for a better bill.
We find no error in the ruling, and affirm on the authority of Craig v. State, 95 Fla. 374, 116 So. 272, and Peel v. State, Fla.App.1963, 154 So.2d 910.
 The matter was one resting in the sound judicial discretion of the trial court, and upon inspection of the record we conclude no abuse of discretion is shown.
Affirmed.