PER CURIAM.
Appellant Esposito was convicted by a jury on a charge of possession of stolen property in violation of Section 811.16, Florida Statutes, F.S.A. He now appeals to this court, assigning as error the trial court’s commenting upon a portion of the testimony within the hearing of the jury.
During the course of the trial, counsel for Esposito was attempting to show through cross-examination that one of the-state’s witnesses had received a meaningless sentence in return for his agreeing to testify against Esposito. The witness testified that he had plead guilty to a charge of “breaking and entering” and a charge of “receiving stolen property” in the Criminal Court of Record of Polk County and that he had received a sentence of four years to run concurrently with a five-year sentence previously imposed in Hillsborough County. Counsel for the appellant then carried on the following colloquy with the witness:
Q. Was the breaking and entering with the intent to commit a felony ?
A. I don’t recall.
Q. It would carry a ten year sentence as a general rule, would it not, that’s the maximum sentence that could be . imposed?
A. Yes, sir.
Q. And the possession of stolen property would carry a maximum of five years, is that correct?
A. Yes, sir.
Q. And, as a matter of fact, you got nothing.
Á. I got what the judge gave me.
Q. You got nothing.
A. I got four years to run concurrently.
Q. You got four years running with the sentence already imposed, you were already pulling, right?
A. Right.
Although the state did not elect to conduct a redirect examination and informed the witness that it had no more questions to ask, the trial court judge indicated that “[t]he statement that he got nothing [was not] correct and shouldn’t be so considered by the jury.” Counsel for appellant immediately requested that the court grant a mistrial on the ground that the court’s commenting upon the testimony of the witness had prejudiced his client’s defense to an extent that made a "fair trial highly unlikely. The motion was denied.
We agree with appellant’s contention. A determination as to the credibility of a witness is uniquely within the realm of the jury’s deliberations and should in no way be infringed upon by the trial court. Stovall v. State, 156 Fla. 832, 24 So.2d 582 (1946). Although there is merit to the court’s statement to the effect that the concurrent sentences were not a mere nullity, it was the duty of the prosecution rather than the court to attempt to rehabilitate its own witnesses.
Reversed and remanded for a new trial.
HOBSON, C. J., and LILES and Mc-NULTY, JJ., concur.